UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


YOLANY ESTREMERA,

      Petitioner,

v.                                      Case No. 6:11-cv-362-Orl-37TBS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

**ORDER**

This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 21).  Respondents filed a response to the amended petition for writ of habeas corpus (Doc. No. 28), and Petitioner filed a reply (Doc. No. 37) to the response.[1]

Petitioner alleges four claims for relief in her habeas petition:  (1) trial counsel was ineffective for failing to convey a plea offer; (2) trial counsel was ineffective for failing to properly advise Petitioner with regard to the possible sentence she could receive; (3) trial counsel was ineffective for failing to "confront Prosecuting Counsel for

_____

[1]Respondents filed a response (Doc. No. 13) to Petitioner's initial habeas petition (Doc. No. 1), and Petitioner filed a reply (Doc. No. 15) to the response. Petitioner was then allowed to file an amended petition and to include all of her claims in the amended petition.  *See* Doc. No. 20.

failing to inform [the] Trial Judge that an agreement had been made between Petitioner and the State"; and 4) trial counsel was ineffective for failing to argue that that there had been a Double Jeopardy violation.

## I.    *Procedural History*

Petitioner was charged by information with grand theft.  A jury trial was held, and Petitioner was found guilty as charged.  The trial court adjudicated Petitioner guilty of grand theft and sentenced her to imprisonment for a term of ten years, with seven years suspended after serving three years.  A seven-year period of probation was to follow.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner later violated the terms of her probation and entered a plea on her violation of probation.  The trial court imposed the original ten-year sentence with credit for time-served, which essentially equaled a seven-year sentence.  *See* Doc. No. 21 at 20; Appendix H at 27.  The trial court also imposed a term of probation, but it was found to be an illegal sentence and was later stricken.  *See* Appendix H at 27.

Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which held an evidentiary hearing.  Afterwards, the trial court entered an order denying the motion.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.     Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.   Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.   *Id.* at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls

---

[2]In considering the "unreasonable application"inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court.  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.    *Analysis*

A.    *Claim One*

Petitioner asserts that trial counsel was ineffective for failing to convey a plea offer.  In particular, she mentions that counsel failed to convey a seven-year plea offer made by the State.  This claim was raised in Petitioner's Rule 3.850 motion and was

denied because Petitioner's counsel and the prosecutor both testified at the evidentiary hearing that no plea offer was ever made.

At the evidentiary hearing, Petitioner's counsel and the prosecutor testified that no plea offer was ever made. *See* Appendix I at 73-76, 89. In fact, Petitioner also testified that she had no idea whether a plea offer was made by the State. *Id*. at 57-58, 61-64. Petitioner's counsel recommended that Petitioner "plead to the bench" with the goal that the trial court would impose a lower sentence than that recommended by the State. *Id*. at 78. Petitioner's counsel felt that the worst case scenario would be a sentence of seven years. *Id*. Because there was no evidence that there was a seven-year plea offer made by the State, Petitioner's counsel was not ineffective with regard to this matter.

As such, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Consequently, this claim is denied.

**B.     *Claims Two and Three***

Petitioner argues that trial counsel was ineffective for failing to properly advise her with regard to the possible sentence she could receive (claim two) and that  trial counsel was ineffective for failing to "confront Prosecuting Counsel for failing to inform [the] Trial Judge that an agreement had been made between Petitioner  and the State" (claim three). In support of claim two, she alleges that counsel told her that "he had reached an agreement with the State for her to receive a seven-year sentence with three

years credit for time served if she would agree to make an open plea to the Court . . . ."

In support of claim three, she alleges that counsel should have "confronted" the prosecutor with regard to his failure to inform the trial court that the parties had reached an agreement whereby Petitioner would receive a sentence of seven years with three years credit for time-served.  These claims appear to have been vaguely raised in Petitioner's Rule 3.850 proceedings.

As discussed with regard to claim one, there was no evidence that there was a seven-year plea offer made by the State or that the parties reached any type of agreement in the manner set forth by Petitioner.  Thus, counsel was not ineffective with regard to these matters, and there has been no showing or prejudice.

As such, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).  Consequently, these claims are denied.

## C.    *Claim Four*

Petitioner asserts that counsel failed to argue that that there had been a Double Jeopardy violation.  This claim was not raised with the state courts, and, in fact, Petitioner acknowledges that is was not raised.  *See* Doc. No. 21 at 12.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims, or (2) are not exhausted but would clearly be barred if returned to state

7

court.  Petitioner's claim is procedurally barred because it was not raised with the state courts.  There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).  In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception.  A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Amended Petition for Writ of Habeas Corpus (Doc. No. 21) filed by Yolany Estremera is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

      **DONE AND ORDERED** in Chambers in Orlando, Florida, this 10th day of

April, 2013.

                           ROY B. DALTON JR.
                           United States District Judge

Copies to:
OrlP-2 4/10
Counsel of Record
Yolany Estremera

---

    [3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.